UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORA A.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

6:20-CV-06364 EAW

# INTRODUCTION

Represented by counsel, plaintiff Nora A. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 9; Dkt. 14), and Plaintiff's reply (Dkt. 15). For the reasons discussed below, the Commissioner's motion (Dkt. 14) is granted and Plaintiff's motion (Dkt. 9) is denied.

## BACKGROUND

Plaintiff protectively filed her application for DIB on January 23, 2014. (Dkt. 7 at 100).[1] In her application, Plaintiff alleged disability beginning January 1, 2011. (*Id.* at 83). Plaintiff's application was initially denied on April 14, 2014. (*Id.* at 104). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Bruce S. Fein on July 11, 2016, in Rochester, New York. (*Id.*). On September 13, 2016, the ALJ issued an unfavorable decision. (*Id.* at 104-20). Plaintiff requested Appeals Council review, and on May 18, 2018, the Appeals Council issued an order remanding the case to the ALJ with instructions to (1) give further consideration to Plaintiff's residual functional capacity, (2) give further consideration to whether Plaintiff had past relevant work, and (3) if warranted, obtain additional evidence from a vocational expert. (*Id*. at 123-25).

On remand from the Appeals Council, ALJ John P. Costello held a supplemental hearing on January 22, 2019, in Rochester, New York. (*Id*. at 41-74). On March 6, 2019, ALJ Costello issued a second unfavorable decision. (*Id*. at 17-39). Plaintiff requested Appeals Council review; her request was denied on April 6, 2020, rendering ALJ Costello's determination the Commissioner's final decision. (*Id*. at 6-11). This appeal followed.

---

[1]  When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

# LEGAL STANDARD

## I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful

work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2013. (Dkt. 7 at 23). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity from January 1, 2011, the alleged onset date, through December 31, 2013, the date last insured. (*Id.*).

At step two, the ALJ found that, through the date last insured, Plaintiff suffered from the severe impairments of post-traumatic stress disorder, anxiety disorder, panic disorder, depressive disorder, and right hip trochanteric bursitis. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of headaches and hypertension were non-severe, and that Plaintiff's claimed back pain, heart palpitations, ulcers, neck pain, and shoulder pain were not medically determinable impairments. (*Id.*).

At step three, the ALJ found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 24). The ALJ particularly considered the criteria of Listings 1.02, 12.04, 12.06, and 12.15 in reaching his conclusion. (*Id.* at 24-26).

Before proceeding to step four, the ALJ determined that, through the date last insured, Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] could occasionally perform each of the six postural activities. [Plaintiff] was limited to simple and routine tasks. [Plaintiff] was limited to low stress work. Low stress work is defined as work involving occasional decision[-]making and occasional interaction with supervisors, coworkers and the general public.

(*Id.* at 26).

At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform any past relevant work. (*Id*. at 32). At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including the representative occupations of "housekeeper cleaner" and laundry sorter. (*Id.* at 33). Accordingly, the ALJ found that, through the date last insured, Plaintiff was not disabled as defined in the Act. (*Id.* at 34).

II.   **The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error**

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that (1) the ALJ erred in assessing the opinion of treating physician Dr. Haris Aziz, (2) the ALJ erred in assessing the opinion of treating licensed clinical social worker ("LCSW") Barbara Raco, and (3) the ALJ improperly substituted his own lay opinion for competent medical opinion in formulating the RFC finding. (Dkt. 9-1). The Court has considered these arguments and, for the reasons discussed below, finds them without merit.

### A.     Assessment of Dr. Aziz's Opinion

Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §§ 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.* An ALJ's failure to explicitly apply the requisite factors is a "procedural error." *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019) (quotation omitted). However, such error is harmless if "a searching review of the record" confirms "that the substance of the treating physician rule was not traversed." *Id.* (quotations omitted).

Whatever weight the ALJ assigns to the treating physician's opinion, he must "give good reasons in [his] notice of determination or decision for the weight [he gives to the] treating source's medical opinion." 20 C.F.R. §§ 404.1527(c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the

Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)). "Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific. . . ." *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted).

In this case, Dr. Aziz, Plaintiff's primary care physician, issued a "Physical and Mental Medical Source Statement" on June 14, 2016, in which he opined that Plaintiff could: frequently lift less than 10 pounds, occasionally lift 10 pounds, rarely lift 20 pounds, and never lift 50 pounds; stand/walk for less than two hours in an eight-hour workday; sit for four hours in an eight-hour workday; stand for 30 minutes before needing to change positions; and sit for 60 minutes before needing to change positions. (Dkt. 7 at 535-39). Dr. Aziz further noted that Plaintiff's "primary disability" was mental and declined to offer an opinion on how her mental impairments would impact her ability to work, stating that he would "defer to psychiatric evaluation." (*Id*. at 535).

The ALJ afforded Dr. Aziz's June 2016 opinion "limited weight." (*Id*. at 30-31). The ALJ concluded that Dr. Aziz's June 2016 opinion was "somewhat consistent with the record as a whole," but noted that (1) Dr. Aziz's own examinations of Plaintiff did not support the degree of limitation set forth in his opinion, (2) Dr. Aziz had referred Plaintiff to a specialist whose findings "revealed mild symptoms at most," and (3) Plaintiff's reported activities of daily living were inconsistent with Dr. Aziz's opinion. (*Id*. at 31).

Plaintiff argues that the ALJ failed to properly apply the treating physician rule in considering Dr. Aziz's opinion because he did not "discuss the yearslong [sic] treating relationship or the frequency at which Dr. Aziz saw Plaintiff." (Dkt. 9-1 at 14). This

argument lacks merit. The ALJ expressly noted in his decision that Dr. Aziz "had been treating [Plaintiff] prior to January 2011," that he was her "primary treating source," and that his treatment continued through the date last insured. (Dkt. 7 at 27-28, 31). The ALJ's decision further makes clear that he thoroughly reviewed Dr. Aziz's treatment records, including examining the various diagnoses that Dr. Aziz made over the years as well as the medications that he prescribed. (*Id.* at 28).

In any event, the Court will not remand a matter for failure to explicitly consider the relevant factors where "a searching review of the record shows that the ALJ has provided 'good reasons' for its weight assessment." *Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) (quoting *Estrella*, 925 F.3d at 95-96). Here, the ALJ provided the requisite good reasons. As the ALJ correctly noted, Dr. Aziz's own treatment records show that Plaintiff did not complain of back pain to Dr. Aziz until February 2014, after the date last insured. (Dkt. 7 at 28, 455-64). Further, in his June 2016 opinion, the only physical diagnosis Dr. Aziz identified for Plaintiff was hypertension, which he further indicated was "controlled with medication." (*Id.* at 535). And, as the ALJ further noted, on December 7, 2018, Dr. Aziz wrote a letter indicating that Plaintiff had complained of lower back pain at a visit on April 11, 2009, but that his "exam did not reveal any significant findings." (*Id.* at 742).

The ALJ further correctly explained that Dr. Aziz had referred Plaintiff to orthopedist Dr. Rola Rashid and that Dr. Rashid had observed only minor symptoms inconsistent with the severe limitations set forth in Dr. Aziz's June 2016 opinion. (*See id.* at 765-71). Dr. Aziz also referred Plaintiff to neurologist Dr. Ashanthi Gajaweera, who performed a physical examination on November 13, 2018, and observed that Plaintiff had

fully intact strength in her upper and lower extremities, was able to walk on her heels and toes without difficulty, and had "completely normal" sensory and motor nerve conduction studies. (*Id*. at 772-74).

"An ALJ is not required to award controlling weight to a treating physician's opinion that is inconsistent with other treatment records." *Martinez Reyes v. Comm'r of Soc. Sec.*, No. 18-CV-0394-MJR, 2019 WL 3369255, at *5 (W.D.N.Y. July 26, 2019) (citation and alteration omitted). Here, the ALJ appropriately found that the severe limitations identified by Dr. Aziz in June 2016 were not supported by Plaintiff's treatment records, including Dr. Aziz's own notes. The ALJ's determination that Dr. Aziz's opinion was entitled to only limited weight is well-supported by the evidence of record.

### B.   Assessment of LCSW Raco's Opinion

Plaintiff also argues that the ALJ erred in affording only limited weight to LCSW Raco's opinion. LCSW Raco completed a form on March 15, 2014, in which she stated that she was "not able to comment on [Plaintiff's] current functioning," but that for a period of about nine months in 2013, Plaintiff "could not sustain meaningful work." (Dkt. 7 at 484). LCSW Raco further opined that Plaintiff had no limitations in understanding and memory, that she had some limitations in sustained concentration and persistence related to stress, and that she was "mildly limited" in social interaction. (*Id*. at 485). LCSW Raco then checked a box stating as follows: "I cannot provide a medical opinion regarding this individual's ability to do work-related activities." (*Id*. at 486).

The ALJ afforded LCSW Raco's March 2014 opinion "limited weight." (*Id*. at 30). The ALJ noted that LCSW Raco "declined to provide an opinion regarding [Plaintiff's]

ability to do work related activities," but concluded that the specific limitations she had identified were generally "consistent with the other opinions of record and consistent with [Plaintiff's] presentation and treatment." (*Id.*).

Plaintiff contends that the ALJ improperly rejected LCSW Raco's statement that, for a period of time in 2013, Plaintiff was unable to sustain meaningful work. This argument is wholly without merit. It is well-established that "the ultimate issue of disability is reserved for the Commissioner." *Taylor v. Barnhart*, 83 F. App'x 347, 349 (2d Cir. 2003). Accordingly, "[i]f an opinion effectively decides the ultimate issue—that is, that the claimant is disabled—it opines on a matter reserved to the Commissioner and to that extent is not considered a medical opinion." *Kathryn D. v. Comm'r of Soc. Sec.*, No. 19-CV-1550-LJV, 2021 WL 195342, at *2 (W.D.N.Y. Jan. 20, 2021). It was proper for the ALJ to credit the limitations identified by LCSW Raco without deferring to her opinion on the ultimate issue of Plaintiff's ability to maintain gainful employment.

### C. Determination of Plaintiff's RFC

Finally, Plaintiff argues that the ALJ improperly relied on his own lay opinion in determining her RFC. In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in [her] decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). "[A]s a result[,] an ALJ's

determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation omitted). Notwithstanding this general rule, "where the medical evidence shows relatively minor physical impairment, an ALJ permissibly can render a common-sense judgment about functional capacity even without a physician's assessment." *Keller v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 345, 352 (W.D.N.Y. 2019) (citation omitted).

Here, the ALJ relied on appropriate evidence in assessing both Plaintiff's mental and physical RFC. As to Plaintiff's mental RFC, the ALJ based his conclusions on the opinions of LCSW Raco and state agency mental health consultant Dr. E. Kamin. (Dkt. 7 at 29-30). Indeed, the ALJ's mental RFC finding accounts for all of the limitations that LCSW Raco identified. The ALJ also appropriately credited Plaintiff's testimony that she had some difficulties handling stress and interacting with others. (*Id.* at 27); *see Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770 (JLS), 2020 WL 5544557, at *6 (W.D.N.Y. Sept. 16, 2020) ("[The plaintiff] essentially argues that the ALJ was wrong to accept portions of her testimony regarding her limitations, which were not covered in a medical source opinion. But this does not constitute reversible error."); *Kearney v. Berryhill*, No. 1:16-CV-00652-MAT, 2018 WL 5776422, at *5 (W.D.N.Y. Nov. 2, 2018) ("The ALJ explained that he had credited aspects of Plaintiff's testimony regarding her limitations, and so assessed a somewhat more restrictive RFC than identified by the consultative examiners. The Court finds no error in this determination by the ALJ.").

As to Plaintiff's physical RFC, the ALJ credited Dr. Aziz's opinion that Plaintiff could frequently lift less than 10 pounds, and assessed additional limitations based on

Plaintiff's treatment records and her own testimony regarding her activities of daily living. The Court finds that the ALJ did not err in assessing additional physical limitations without the benefit of a specificmedical opinion, because the record showed only minor physical impairments during the relevant time period. As discussed above, Dr. Aziz indicated in his June 2016 opinion that Plaintiff's only physical diagnosis was hypertension that was controlled with medication. Further, Plaintiff did not complain of back pain to Dr. Aziz until after the date last insured, and the physical examinations of record showed minor abnormalities at most. Additionally, as the ALJ noted, Plaintiff reported in February 2014 that she was able to cook, clean, and do laundry without assistance, that she was "ok" sitting and climbing stairs, and that she got a backache only after standing for "long periods of time." (Dkt. 7 at 337-42). On this record, the Court finds no error in the ALJ's common-sense assessment of Plaintiff's physical limitations.

In sum, the ALJ appropriately assessed Plaintiff's RFC based on the evidence as a whole, including Plaintiff's own testimony. Accordingly, there is no basis for the Court to disturb the Commissioner's finding of non-disability.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 14) is granted and Plaintiff's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: July 29, 2021
       Rochester, New York